**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)                         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN HUTCHINSON<br>4434 Parrish Street<br>Philadelphia, PA 19104<br><br>**Plaintiff,**<br><br>v.<br><br>**CHECKR, INC.**<br>One Montgomery Street, Suite 2400<br>San Francisco, CA 94104<br><br>**Defendant.** | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

Plaintiff, Kevin Hutchinson (hereinafter "Plaintiff"), by and through his attorneys, KOLLER LAW LLC, brings this civil matter against Checkr, Inc. (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act ("FCRA" or the "Act"), 15 U.S.C. §§1681 *et seq*. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. At all times relevant to this matter, Plaintiff was a "consumer" as defined by the FCRA. *See* 15 U.S.C. §1681a(c).

4. Upon information and belief, Defendant is an individual as defined by the FCRA. *See* 15 U.S.C. §1681a(b).

5. Upon information and belief, Defendant maintains a corporate headquarters located at the above-captioned address.

6. Upon information and belief, Defendant is a Consumer Reporting Agency ("CRA") as defined by the FCRA in that Defendant regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports in exchange for monetary fees or dues or on a cooperative nonprofit basis.

7. As a CRA, when Defendant furnishes a consumer report for employment-screening purposes and reports items of information on consumers that are matters of public record and are likely to have an adverse effect upon a job applicant's ability to obtain employment, it is required to maintain reasonable procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that information is accurate, complete, and up-to-date. *See* 15 U.S.C. §1681e(b).

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe*

*Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. An action to enforce any liability under the FCRA may be brought in any appropriate United States District Court, without regard to the amount in controversy. *See* 15 U.S.C. §1681p.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant regularly conducts business in this judicial district and/or because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. In 1996, an individual named "Kevin Hutchinson" who is not the Plaintiff in this matter, was convicted of cocaine possession in Gloucester, County, Virginia and sentenced to ten (10) years in Prison.

15. In 1996, Plaintiff was a high school student in Philadelphia, PA and had not been to Gloucester, Virigina.

16. Plaintiff has previously addressed this issue of mistaken identity as it has affected his prior applications for employment.

17. Ono r about December 1, 2010, Plaintiff underwent fingerprinting by the Pennsylvania State Police to prove he was not the same Kevin Hutchinson who was convicted of cocaine possession in Gloucester County, Virginia.

18. On or about February 3, 2014, Plaintiff obtained a letter from the Virginia State Police which confirmed he was not the same Kevin Hutchinson who was convicted in Gloucester County, Virigina for possession of cocaine.

### **Plaintiff Applies for Employment with Uber and Defendant Provides Inaccurate Information**

19. In or around May 2024, Plaintiff applied for employment with Uber.

20. On or about May 24, 2024, Uber notified Plaintiff that his application had been rejected based on the results of his Background Check Report.

21. Upon information and belief, Defendant conducted a background check on Plaintiff in exchange for a fee from Uber.

22. Defendant provided Uber with this Background Check Report (hereinafter "Report 1").

23. Report 1 contained the inaccurate conviction information regarding the other Kevin Hutchinson who was convicted for cocaine possession in Gloucester County, Virginia.

24. Uber directed Plaintiff to contact Defendant to challenge or correct the information contained within Report 1.

25. Plaintiff reached out to Defendant in or around May 2024 and provided Defendant with evidence, which showed that the conviction for cocaine possession on Report 1 was inaccurate and should be removed.

26. Defendant refused to take any remedial action and continued to provide this inaccurate information in future reports regarding Plaintiff.

27. As a result of Defendant's failure to provide accurate information, Plaintiff suffered the adverse action of not being hired by Uber.

### **Plaintiff Applies for Employment with Lyft and Defendant Again Provides Inaccurate Information**

28. In or around July 2024, Plaintiff applied to employment with Lyft.

29. On or about July 19, 2024, Lyft notified Plaintiff that his application had been rejected based on the results of his background check.

30. Upon information and belief, Defendant conducted a background check on Plaintiff in exchange for a fee from Lyft.

31. Defendant provided Lyft with this background check (hereinafter "Report 2").

32. Report 2 contained the same cocaine possession conviction described herein.

33. Lyft directed Plaintiff to contact Defendant to challenge the inaccurate information contained in Report 2.

34. Plaintiff again attempted to communicate with Defendant to ensure that the information in Report 2 was accurate and that Defendant ceased providing the inaccurate information in Report 2 and any future consumer reports provided by Defendant to any future prospective employers of Plaintiff.

35. Defendant already knew or should have known that the information contained within Report 2 was inaccurate.

36. Again, Defendant refused to take any remedial action and continued to provide inaccurate information in future reports regarding Plaintiff.

37. As a result of Defendant's failure to provide accurate information, Plaintiff suffered the adverse action of not being hired by Lyft.

**Plaintiff Applies for Employment with DoorDash and Defendant Again Provides Inaccurate Information**

38. In or around September 2024, Plaintiff applied for employment with DoorDash.

39. Upon information and belief, Defendant conducted a background check on Plaintiff in exchange for a fee from DoorDash.

40. On or about September 28, 2024, DoorDash informed Plaintiff that his application had been rejected because of information contained within his background check report (hereinafter "Report 3").

41. Defendant provided Report 3 to DoorDash.

42. Report 3 included the same inaccurate information regarding the conviction for cocaine possession described herein.

43. Plaintiff again reached out to Defendant to attempt to have this information corrected.

44. Again, Defendant refused to take any remedial action and continued to provide inaccurate information in future reports regarding Plaintiff.

45. DoorDash continues to tell Plaintiff to communicate with Defendant to address the inaccurate information contained within the consumer reports provided by Defendant, including as recently as December 4, 2025.

46. Defendant continues to refuse to take any remedial action to ensure that the public information contained within the consumer reports it provides to third-parties regarding Plaintiff.

47. As a result of Defendant's failure to provide accurate information, Plaintiff suffered the adverse action of not being hired by Lyft.

### Defendant's Conduct Constitutes a Willful Violation of the FCRA

48. Defendant knew or should have known that the information related to public records it included in the consumer reports regarding Plaintiff was inaccurate.

49. Plaintiff notified Defendant multiple times of the inaccuracy and provided information to demonstrate and prove the information was inaccurate.

50. Despite having knowledge of this inaccuracy, and in blatant disregard to the obligation Defendant has to provide accurate and up-to-date information regarding consumer reports about Plaintiff, Defendant refuses to take any remedial action to correct the inaccurate information.

51. Plaintiff has suffered harm in his search for employment and will continue to suffer harm in his search for employment based on Defendant's inaccurate consumer reports regarding Plaintiff if Defendant continues to refuse to take remedial action.

52. Defendant's willful and/or negligent violations of the FCRA have caused Plaintiff harm, as prayed for herein, and will continue to cause him harm to his reputation and/or employment opportunity.

## COUNT I – WILLFUL NONCOMPLIANCE WITH REQUIREMENTS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§1681n

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. At all times relevant hereto, Plaintiff was a consumer as defined by the FCRA.

55. At all times relevant hereto, Defendant was a person and a consumer reporting agency as defined by the FCRA.

56. As a CRA, Defendant has an obligation to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *See* 15 U.S.C. §1681e(b).

57. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 1.

58. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the information contained in Report 1.

59. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 2.

60. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the information contained in Report 2.

61. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 3.

62. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the information contained in Report 3.

63. At all times relevant hereto, Defendant knew or should have known of the inaccuracy and either willfully failed to correct the inaccuracy or recklessly failed to correct the inaccuracy.

64. Defendant's failure to follow reasonable procedures to assure the maximum accuracy of the information concerning Plaintiff by failing to correct and/or ensure the accuracy of the report constitutes willful violations of the FCRA and is not in compliance with 15 U.S.C. §1681e(b).

65. As a result of Defendant's willful violations of the FCRA, Plaintiff suffered damages as alleged herein including, *inter alia*, lost income for the resulting failure to hire by the third-parties to whom Defendant provided Reports 1, 2, and 3.

**WHEREFORE**, Plaintiff, Kevin Hutchinson, requests that the Court grant him the following relief against Defendant:

(a) Actual damages sustained by Plaintiff as a result of the failure, or damages of not less than $100 and not more than $1,000 in accordance with 15 U.S.C. §1681n(a)(1);

(b) Such an amount of punitive damages as the court may allow in accordance with 15 U.S.C. §1681n(a)(2);

(c) The costs of the action together with reasonable attorneys' fees as determined by the Court in accordance with 15 U.S.C. §1681n(a)(3);

(d) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from continuing to provide in accurate information regarding Plaintiff as it relates to the Gloucester County, Virginia cocaine possession conviction as alleged herein; and

(e) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## COUNT II – NEGLIGENT NONCOMPLIANCE WITH REQUIREMENTS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§1681n

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. At all times relevant hereto, Plaintiff was a consumer as defined by the FCRA.

68. At all times relevant hereto, Defendant was a person and a consumer reporting agency as defined by the FCRA.

69. As a CRA, Defendant has an obligation to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *See* 15 U.S.C. §1681e(b).

70. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 1.

71. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the information contained in Report 1.

72. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 2.

73. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the

information contained in Report 2.

74. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff contained in Report 3.

75. Despite being notified of the inaccuracy by Plaintiff, Defendant refused to correct the information contained in Report 3.

76. At all times relevant hereto, Defendant knew or should have known of the inaccuracy.

77. Even if Defendant's failures as alleged herein do not rise to the level of willfulness, at a minimum, Defendant's failure to follow reasonable procedures to assure the maximum accuracy of the information concerning Plaintiff by failing to correct and/or ensure the accuracy of the report constitutes negligent violations of the FCRA and is not in compliance with 15 U.S.C. §1681e(b).

78. As a result of Defendant's negligent violations of the FCRA, Plaintiff suffered damages as alleged herein including, *inter alia*, lost income for the resulting failure to hire by the third-parties to whom Defendant provided Reports 1, 2, and 3.

**WHEREFORE**, Plaintiff, Kevin Hutchinson, requests that the Court grant him the following relief against Defendant:

(a) Actual damages sustained by Plaintiff as a result of the failure, or damages of not less than $100 and not more than $1,000 in accordance with 15 U.S.C. §1681o(a)(1);

(b) The costs of the action together with reasonable attorneys' fees as determined by the Court in accordance with 15 U.S.C. §1681o(a)(2);

(c) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from continuing to provide in accurate information regarding Plaintiff as it relates to the Gloucester County, Virginia cocaine possession conviction as alleged herein; and

(d) Awarding extraordinary, equitable and/or injunctive relief as permitted by law,

equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: February 25, 2026      **By:**     */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*